[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13720
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-00351-WSD-JSA-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHNATHAN SILVERS,
a.k.a. Turtle,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 20, 2018)

Before WILLIAM PRYOR, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Jonathan Silvers pled guilty to conspiracy to possess with intent to distribute methamphetamine and marijuana in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) and (D).  Mr. Silvers was a Georgia state prison inmate who conspired with fellow inmates and prison workers to smuggle contraband into the prison for sale to other inmates.  He now appeals his 113-month sentence, arguing that the district court clearly erred in attributing 19.34 grams of methamphetamine to him, because that quantity of drugs was seized from another individual in a completely separate drug conspiracy from that of Mr. Silvers.  Therefore, Mr. Silvers argues, the 19.34 grams of seized methamphetamine was not reasonably foreseeable to him and should not have become part of the district court's drug quantity calculation at his sentencing. Mr. Silvers argues that, without the seized methamphetamine, his guideline range would have been 63 to 78 months, and so the 113 month sentence he received would reflect an upward variance of 35 months.

The government must prove the drug quantity by a preponderance of the evidence for sentencing purposes.  *See United States v. Rodriguez*, 398 F.3d 1291, 1297 (11th Cir. 2005).  We review for clear error the district court's determination of the drug quantity attributable to Mr. Silvers, and will not disturb its finding unless we are left with the definite and firm conviction that a mistake has been made.  *See United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir. 2012).

2

At Mr. Silvers' sentencing hearing, the government presented several recordings of wiretapped conversations involving Mr. Silvers and co-conspirators discussing drug transactions from both before and after the drug seizure, and two different FBI agents testified about the identities of the speakers and their interpretations of each conversation's meaning. Based on this evidence, the district court found Mr. Silvers was involved in the conspiracy in advance of the seizure of the 19.34 grams of methamphetamine, and included those drugs in its drug quantity calculation. The district court's finding of the drug amount under the guidelines was supported by adequate evidence. *See Rodriguez*, 398 F.3d at 1297.

Any error in calculating the guidelines is harmless if (1) the district court states that it would have imposed the same sentence even if it had decided the guidelines issue in the defendant's favor, and (2) assuming that the lower guideline range requested by the defendant applied, the final sentence was still reasonable based on the § 3553(a) factors. *See United States v. Keene*, 470 F.3d 1347, 1350 (11th Cir. 2006) (holding that in such a case, "it would make no sense to set aside this reasonable sentence and send the case back to the district court since it has already told us that it would impose exactly the same sentence, a sentence we would be compelled to affirm."). Any error here as to drug amount was harmless.

The district court explicitly stated that, based on the severity of Mr. Silvers' crime, the need to protect the public, the need to deter similar crimes in the prison,

3

and its understanding of the full scope of the conspiracy – having received extensive evidence and six presentence investigations about the prison drug ring and having previously sentenced five other co-conspirators – it would have sentenced Mr. Silvers to the same 113 months' incarceration even if it had erred in its guideline calculation or sentencing enhancements.    The district court was permitted to weigh the § 3553(a) factors in the manner it did; the record indicates a careful weighing of the factors, followed by a detailed explanation for why 113 months' imprisonment was the appropriate sentence for Mr. Silvers.  *See United States v. Clay*, 483 F.3d 739, 746-747 (11th Cir. 2007).  *See also United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (indicating that a sentence well below the statutory maximum indicates its reasonableness).[1]

Based on the foregoing, we affirm Mr. Silvers' sentence.

**AFFIRMED.**

---

[1] Mr. Silvers does not argue on appeal that his sentence would have been substantively unreasonable if the seized methamphetamine was excluded from the drug quantity.  Therefore he has waived that argument.  *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680-83 (11th Cir. 2014).